# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN LINDEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BANCORP, INC., DAMIAN M. KOZLOWSKI, and PAUL FRENKIEL,<br><br>Defendants. | C.A. No.: 1:25-cv-00326-JLH<br><br>Hon. Judge Jennifer L. Hall<br><br>**CLASS ACTION** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

| | |
|---|---|
| **GRANT & EISENHOFER P.A.**<br>Michael J. Barry (No. 4368)<br>Jeff A. Almeida<br>123 Justison Street, 7th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 622-7122<br>Facsimile: (302) 622-7100<br>Email: mbarry@gelaw.com<br>Email: jalmeida@gelaw.com<br><br>*[Proposed] Liaison Counsel for Plaintiffs and the Class* | **THE ROSEN LAW FIRM, P.A.**<br>Laurence M. Rosen, Esq.<br>Phillip Kim, Esq.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: lrosen@rosenlegal.com<br>Email: hikim@rosenlegal.com<br><br>*[Proposed] Lead Counsel for Plaintiffs and the Class* |

## TABLE OF CONTENTS

                                                                    **Page**

INTRODUCTION AND BACKGROUND ................................................................................. 1

ARGUMENT ................................................................................................................................. 3

    I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 3

        A.     Movant Is Willing to Serve as Class Representative ....................................... 4

        B.     Movant Has the Largest Financial Interest in the Action ............................... 4

        C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ......................................................................................................... 5

        D.     Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ................................................................. 6

    II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................... 7

CONCLUSION ............................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................5

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................................7

*In re Netflix, Inc., Sec. Litig.*,
   No. 12-0225 SC, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) .........................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..........................................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ......................................................................................4, 5

*Xu v. FibroGen, Inc.*,
   No. 21-CV-02623-EMC, 2021 WL 3861454 (N.D. Cal. Aug. 30, 2021) ...........................7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................3, 4

15 U.S.C. § 78u-4(a)(3) .....................................................................................................6, 7

15 U.S.C. § 78u4-D(a)(3)(B) .................................................................................................1

**Rules**

Fed R. Civ.P. 23 ...............................................................................................................4, 5

Movant Southeastern Pennsylvania Transportation Authority ("SEPTA" or "Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3)(B), 15 U.S.C. § 78u4-D(a)(3)(B), of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class consisting of all persons and entities who purchased or otherwise acquired the securities of The Bancorp, Inc. ("Bancorp" or the "Company") between January 25, 2024 and March 4, 2025, inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Grant & Eisenhofer P.A. ("G&E") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on March 14, 2025 against the Bancorp and certain of its officers for violations under the Exchange Act. On March 17, 2025, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Almeida Decl., Ex. 1.

The Bancorp is a financial holding company. Bancorp engages in part, in institutional banking, commercial real estate bridge lending, small business lending and commercial fleet leasing. The Company's commercial real estate bridge loans ("REBLs") are primarily collateralized by apartment buildings.

The lawsuit alleges that throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose to that: (1) Bancorp had underrepresented the significant risk of default or loss on its REBL loan portfolio; (2) Bancorp's current expected

1

credit loss methodology was insufficient to account for the provision and/or allowance of credit losses; (3) as a result of the foregoing, Bancorp was reasonably likely to increase its provision for credit losses; (4) there were material weakness in its internal control over financial reporting; (5) its financial statements had not been approved by its independent auditor; (6) that, as a result of the foregoing, Bancorp's financial statements could not be relied upon; and (7) that, as a result of the foregoing, Defendants' positive statements about Bancorp's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then, on March 21, 2024, Culper Research issued a report alleging that Bancorp had underrepresented significant risks of default and/or loss on certain REBL loans. The report alleged that Bancorp's loan book is "rife with unsophisticated syndicated borrowers" who were "coaxed by promises of generational wealth through passive income" with "get rich quick" promises. The report alleged that the Company's REBL loan portfolio is filled with apartments which are "quite literally, crumbling," with high vacancies and multiple condemnations. The report stated the Company "blindly reassures investors that its book contains 'no substantial risk of default or loss,'" but, in reality, the Company's "REBL portfolio faces meaningful risks and will result in meaningful losses." The report concluded that the Company's reserve of only "$4.7 million in REBL loan allowances, representing a mere 0.24% of the total REBL book" is "short by an order of magnitude or more."

On this news, Bancorp stock fell 10.15% on March 21, 2024.

Then, after market close on October 24, 2024, Bancorp announced its third quarter 2024 financial results, including $51.5 million in net income. Bancorp attributed the results in part to a "new CECL [current expected credit losses methodology] factor" to the Company's analysis of REBL loans classified as either special mention or substandard "which increased the provision for

2

credit losses and resulted in an after-tax reduction in net income of $1.5 million." The Company further explained its results also reflected "prior period interest income reversals on real estate bridge loans transferred to nonaccrual or modified" which "resulted in an after-tax reduction in net income of $1.2 million."

On this news, Bancorp's share price fell nearly 14.5% on October 25, 2024.

Finally, after market hours on March 4, 2025, Bancorp disclosed that its "financial statements for the fiscal years ended December 31, 2022 through 2024 as shown in the Annual Report should no longer be relied upon." It further revealed that it was "working expeditiously to perform and complete additional closing procedures related to accounting for consumer fintech loans in the allowance for credit losses," and that it was "evaluating the impact of this non reliance [on its] disclosure controls and procedures and internal controls over financial reporting." It also revealed that its auditors for those years did not provide approval to include the relevant audit opinion.

On this news, Bancorp stock fell nearly 4.4% on March 5, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

>(aa) has either filed the complaint or made a motion in response to a notice…;
>
>(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Almeida Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Movant suffered an approximate loss of $253,999.43. *See* Almeida Decl., Ex. 3. Movant is not aware of any other movant that has a larger financial interest in Bancorp securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Each of Movant's claims share substantially similar questions of law and fact with the members of the class, and Movant's claims are typical of those of the members of the class. Movant and all members of the class allege that defendants

5

violated the Exchange Act by failing to disclose material facts about The Bancorp's business. Movant, as did all of the members of the class, purchased Bancorp securities at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Movant is not aware of any unique defenses that defendants could raise against it that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Further, SEPTA is a sophisticated institutional investor. SEPTA is the prototypical lead plaintiff sought by the PSLRA as an institutional investor. As courts routinely recognize, "Congress passed the PSLRA in part to encourage institutional investors … to take the lead in

private securities class actions." *In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *6 (N.D. Cal. Apr. 27, 2012); *see Xu v. FibroGen, Inc.*, No. 21-CV-02623-EMC, 2021 WL 3861454, at *10 (N.D. Cal. Aug. 30, 2021) (noting "the PSLRA's clear preference for institutional investors"); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs.").

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and G&E as Liaison Counsel. Rosen Law has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Almeida Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of Rosen

Law as Lead Counsel and Grant & Eisenhofer P.A. as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 16, 2025

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By: */s/ Michael J. Barry*
Michael J. Barry (No. 4368)
Jeff A. Almeida
123 Justison Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 622-7122
Facsimile: (302) 622-7100
Email: mbarry@gelaw.com
Email: jalmeida@gelaw.com

*[Proposed] Liaison Counsel for Plaintiff and the Class*

**THE ROSEN LAW FIRM, P.A**.

Laurence Rosen
Phillip Kim
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*